PATRICK J. LEAHY and Others, Copartners, Doing Business under the Firm Name and Style of LEAHY BROTHERS, Respondents, *v.* SAMUEL JORDAN, Appellant.

Third Department, January 15, 1930.

*John J. Scully*, for the appellant.

*William A. Dunne*, for the respondents.

PER CURIAM. The street on which the collision occurred was thirty feet wide between the curbs. There were banks of snow running along the curb on either side, each being about five feet wide, leaving a space for travel of twenty feet. There was a thick coating of ice and hard snow on the street surface and in consequence there were deep ruts. Traffic, both north bound and south bound, was compelled to travel in these ruts. A Ford truck was standing close to the snow bank on the right-hand side for north-bound traffic; so that, at this point, eleven feet of the space between the curbs was occupied on the easterly side. This eleven feet of obstruction to north-bound traffic occupied all but four feet to the center line of the street. Plaintiffs' Cadillac sedan was moving northerly, hurrying to a funeral. Defendant's truck, drawn by a work team driven by his teamster, was moving southerly. The chauffeur, as he approached the Ford truck, turned to his left; this brought his left wheels into the rut in which defendant's truck was coming and onto the defendant's side of the street. The chauffeur and the teamster each saw the other. The chauffeur did not stop. The teamster saw him coming and, having turned his team into the westerly snow bank, did stop. As plaintiffs' chauffeur passed the Ford truck he attempted to turn back to his right. He succeeded in getting the front wheels of his car out of the rut when about twelve feet from the team, but the rear wheels still skidded along the rut and his car ran against the truck. When he was within about eight feet of the team, the horses, still turned toward the snow bank, started; the only inference is that this movement was to avoid a collision; the truck horses were too slow and the conditions unfavorable.

The teamster was where he had a right to be; no act of his was negligent.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

VAN KIRK, P. J., WHITMYER and HILL, JJ., concur; HINMAN and DAVIS, JJ., dissent from the dismissal of the complaint, and vote for a new trial.

Judgment of the City Court and judgment and order of the County Court reversed on the law, and complaint dismissed, with costs in all courts.